32

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CLAUDIA ELIA LOPEZ GONZALEZ | § | |
| Individually, and as Personal | § | |
| Representative of the Estate of DELFINO | § | |
| EDUARDO GONZALEZ, Deceased, as | § | |
| an Heir of DELFINO EDUARDO | § | |
| GONZALEZ, Deceased; As Next Friend | § | |
| of SERGIO EDUARDO GONZALEZ | § | |
| a minor, Individually, and as an Heir of | § | |
| DELFINO EDUARDO GONZALEZ, | § | |
| Deceased; As Next Friend | § | C.A. No. B-00-064 |
| of SERGIO EDUARDO GONZALEZ | § | Admiralty 9(h) |
| a minor, Individually, and as an Heir of | § | |
| DELFINO EDUARDO GONZALEZ, | § | |
| Deceased; and GLORIA GONZALEZ, | § | |
| Individually, and as an heir | § | |
| of DELFINO EDUARDO GONZALEZ, | § | |
| Deceased | § | |
| | § | |
| VS. | § | |
| | § | |
| AMFELS, INC., F.A. CONSTRUCTION, | § | |
| FELIX ALBERTO DE LA FUENTE, PORT | § | |
| FABRICATORS, INC., DAVID HEDGES, | § | |
| AUSTIN TEMPORARY SERVICES, and | § | |
| COLONIAL CASUALTY COMPANY | § | |

## RESPONSE OF AMICUS CURIAE AUSTIN TEMPORARY SERVICES, INC.
## TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE COURT:

Austin Temporary Services, Inc., which has previously been granted leave to appear Amicus

Curiae in this action, files this its Response to the Motion to Remand of Plaintiffs Claudia Ella

Lopez Gonzalez, et al. As set forth below, all claims asserted by Plaintiffs have been resolved, this

action has been dismissed with prejudice and nothing remains to be remanded.

On May 1, 2001, Plaintiffs filed a Motion to Remand this case to the 357th Judicial District

Court of Cameron County, Texas. This Motion to Remand is the second such motion filed by the

Plaintiffs, the first having been filed on May 9, 2000. Although Plaintiffs characterize the settlement of this removed case as being a settlement with "Defendant Amfels, Inc., only," contending that there are ". . . remaining claims and causes of action against the remaining Defendants, F. A. Construction, Felix Alberto de la Fuente, David Hedges, and Austin Temporary Services, Inc.," that assertion is simply incorrect.

As noted in Plaintiffs' Motion to Remand, Plaintiffs originally brought their action in state district court against Amfels, Inc., et al. Amicus Curiae was added as a Defendant in that action by virtue of Plaintiffs' Third Amended Petition filed on about December 4, 1998 (see Exhibit 1 attached hereto and incorporated herein). Two years later, on April 7, 2000, Plaintiffs amended that lawsuit by filing what they denominated as a "Plaintiffs' Original Petition for Declaratory Judgment" in which they amended their claims to assert an action against Amfels, Inc., for a declaration that Plaintiffs' decedent was not an "employee" of Amfels as defined by the Longshore and Harbor Worker's Compensation Act. Plaintiff's deleted all claims against all other Defendants, including Amicus Curiae. Based upon this amended pleading, Amfels, Inc., removed this action to this Court.[1] As set forth in Amicus Curiae's previously filed Brief in Support of Removal of Action, by filing an amended petition in state court deleting claims against Defendants other than Amfels Inc., Plaintiffs abandoned such claims and all such claims against other Defendants, including Amicus Curiae, were effectively non-suited by the declaratory judgment action. Plaintiffs' contention in their Motion to Remand that claims remain against Amicus Curiae and other Defendants is simply an incorrect statement of the law. Even if the Plaintiffs were not incorrect in their assertion of the law, they fail to advise the Court of the fact that on September 26, 2000, an Agreed Final Judgment, signed by counsel for the Plaintiffs and counsel for Amfels, Inc., was entered dismissing all claims

---

[1] Amicus Curiae requests this Court take judicial notice of the contents of the Notice of Removal filed in this court, including the Amended Petition of the Plaintiffs.

in this action <u>with prejudice</u>. The order of dismissal with prejudice reserved no claims against any party and therefore there are no claims remaining which this Court may remand to the state district court. This Court is simply without jurisdiction to remand anything to the state district court, the United States District Court for the Southern District of Texas having already disposed of the entirety of this matter with its Agreed Final Judgment.

WHEREFORE, PREMISES CONSIDERED, Amicus Curiae, Austin Temporary Services, Inc., respectfully requests that this Court deny the Motion to Remand.

Respectfully submitted,

J. Albert Kroemer, attorney-in-charge
TBN 11728400
S.D. Tex. No. 15342
James T. Phillips
TBN 00794455
S.D. Tex. No. 26197
PRAGER, METZGER & KROEMER PLLC
2626 Cole Ave., Suite 900
Dallas, Texas  75204
(214) 969-7600
(214) 969-7635 Telecopier

José E. Garcia, Esq.
TBN 07636780
GARCIA VILLAREAL & KARAM
4301 N. McColl Road
McAllen, Texas 78504
(210) 630-0081
(210) 630-3631 Telecopier

ATTORNEYS FOR
AUSTIN TEMPORARY SERVICES, INC.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on all counsel of record and counsel for interested parties by certified mail, return receipt requested on the 11TH day of May, 2001.

J. Albert Kroemer

ᵈ५५२

CAUSE NO. 97-02-509-E

CLAUDIA ELIA LOPEZ GONZALEZ,                *        IN THE DISTRICT COURT
Individually, and as Administrator of        *
the Estate of DELFINO EDUARDO               *
GONZALEZ, (deceased), and as an             *        FILED 11:30        A
Heir of DELFINO EDUARDO                     *        AURORA DE LA GARZA   DIST. CLERK
GONZALEZ, (deceased); and as                *
Next Friend of CLAUDIA ALEJANDRA            *        DEC 1 1998
GONZALEZ and SERGIO EDUARDO                 *
GONZALEZ minors, and Heir of                *        DISTRICT COURT OF CAMERON COUNTY, TEXAS
DELFINO EDUARDO GONZALEZ,                   *        Rosie Sotelo
(deceased) and GLORIA GONZALEZ,             *        Rosie Sotelo
Individually, and as an heir of             *
DELFINO EDUARDO GONZALEZ                    *
(deceased)                                  *        357th Judicial District Court of
                                            *
VS.                                         *
                                            *
AMFELS, INC.,and FELIX ACOSTA               *
DE LA FUENTE d\b\a F.A.                      *
CONSTRUCTION and PORT                       *
FABRICATORS, INC.,DAVID                     *
HEDGES, and AUSTIN TEMPORARY                *
SERVICES, INC.                             *        CAMERON COUNTY, TEXAS



## PLAINTIFFS' THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Claudia Elia Lopez Gonzalez Individually, as the Administrator of the estate of Delfino Eduardo Gonzalez, (deceased) and as an heir, and as next friend of Claudia Alejandra Gonzalez and Sergio Eduardo Gonzalez, minors and heirs of Delfino Eduardo Gonzalez (deceased) and Gloria Gonzalez, individually and as heir of Delfino Eduardo Gonzalez, (deceased) hereinafter called Plaintiffs complaining of Defendant Amfels, Inc., hereinafter referred to as Defendant Amfels, Felix Acosta De La Fuente d\b\a F.A. Construction, hereinafter referred to as defendant F. A. Construction, Port Fabricators, Inc., hereinafter referred to as Defendant Port Fabricators, Defendant David Hedges and Defendant Austin Temporary Services, Inc., and for cause of action would show the Court as follows:

I.

EXHIBIT

1

## Parties

### Plaintiffs

1. Plaintiff, Claudia Elia Lopez Gonzalez is the widow and the administrator of the Estate of Delfino Eduardo Gonzalez (deceased). She is also next friend of Claudia Alejandra Gonzalez and Sergio Eduardo Gonzalez, minors and surviving children of Delfino Eduardo Gonzalez.

2. Gloria Gonzalez, is the mother of the Delfino Eduardo Gonzalez (deceased). All Plaintiffs reside in Brownsville, Cameron County, Texas.

### Defendants

3. Defendant Amfels, Inc., is a Texas corporation doing business in the state of Texas. This Defendant has been issued service of process and has already filed an answer in this case.

4. Defendant Felix Acosta De La Fuente is an individual doing business as F. A. Construction. This Defendant has already been issued service of process and has filed an answer in this case.

5. Defendant Port Fabricators, Inc., is a Texas corporation doing business in the State of Texas. This Defendant may be served by serving it's registered agent Thomas M. McCoy, at Rt 3, Box 374, Los Fresnos, Texas 78566.

6. Defendant David Hedges, is an individual residing at: 246 Victoria Circle, San Benito, Texas 78597. This Defendant can be issued service at 246 Victoria Circle, San Benito, Texas 78597.

7. Defendant Austin Temporary Services, Inc.,is a Texas corporation doing business in the State of Texas. This Defendant may be served by serving it's registered agent for service Irene Allen at 18100 Easy Street, Jonestown, Texas 78645.

**2.**

## Relationship Among Parties

Defendant Amfels, was the lessee and occupier of premises where the accident made the basis of this case occurred.

Defendant F. A. Construction was an independent contractor hired by Defendant Amfels, Inc., to perform excavation work upon it's premises and also employed Delfino Eduardo Gonzalez, when the incident made the basis of this lawsuit occurred.

Defendant Port Fabricators, Inc., is an employment agency who provided Defendant Amfels, Inc., with the services of David Hedges.

Defendant David Hedges, is the backhoe digger who initially dig the 20 foot wide by 20 foot long and 10 foot deep excavation, where the incident made the basis of this lawsuit occurred.

Defendant Austin Temporary Services Inc., was an employment agency that may have co-employed Delfino Eduardo Gonzalez when the incident made the basis of this lawsuit occurred.

### 4.

### Statement of Facts

Plaintiffs allege that at all times material hereto, Defendant Amfels, was the occupier of the premises where the incident made the basis of this lawsuit occurred and exercised the right of control over said premises. On or about November 15th, 1996, Defendant Amfels, contracted with Defendant Port Fabricators for the services of an individual who could operate a backhoe digger. Defendant Port Fabricators, provided Defendant Amfels, with the services of Defendant, David Hedges.

When Defendant Hedges, arrived at Defendant Amfels, Inc.'s premises, he was provided with a backhoe digger and instructed by a supervisor of Defendant Amfels, Inc. to begin digging a hole at their west dock. The hole that Defendant Hedges dug out was approximately twenty feet wide by twenty feet long and ten feet deep.

During the course of digging out the hole, Defendant Hedges encountered numerous mechanical problems with the backhoe digger, and was thereby prevented from properly sloping or stepping the vertical walls of the hole. Shortly thereafter, Defendant Amfels, Inc. instructed Defendant Hedges to halt the excavation work that he was performing. Approximately three weeks later Defendant Amfels, retained the services of Defendant F. A. Construction, to complete the remaining excavation work.

When Defendant F. A. Construction began working at the excavation site, it was instructed by Defendant Amfels, Inc. to dig the already existing hole one foot deeper. During the process of digging the hole one foot deeper, employees of Defendant F. A Construction encountered a concrete beam. Defendant F. A. Construction was given instructions to break up the concrete beam. As Delfino Eduardo Gonzalez was operating

a jack hammer, attempting to break up the concrete beam, a large section of earth broke away form the vertical wall he was working next to and collapsed on top of him. Delfino Eduardo Gonzalez was crushed between the fallen earth and the jack-hammer he was operating, causing him to sustain extensive internal and external injuries which ultimately resulted in his death.

## 5.

## Invitee Status

Delfino Eduardo Gonzalez was an invitee when the cave in that caused his injuries occurred.

## 6.

## Borrowed Servant Doctrine and Respondent Superior

During the time that Defendant David Hedges was upon Defendant Amfels, premises operating their backhoe digger, he was taking work orders from Defendant Amfels, and was under its control. Plaintiffs allege that Defendant David Hedges was Defendant Amfels, borrowed servant, agent and or employee. Furthermore, under the Doctrine of Respondent Superior, Defendant Amfels, was responsible for the acts and omissions of Defendant David Hedges.

Plaintiffs plead, in the alternative, that if Defendant David Hedges was actually an employee of Defendant Port Fabricators, while working on Defendant Amfels', premises, under the doctrine of Respondent Superior, Defendant Port Fabricators, would be responsible for his acts and or omissions.

## 7.

## Negligent Acts and Omissions of Defendant Amfels,

Defendant Amfels, through it's employees, agents, servants, and borrowed servants, dug the excavation to a depth of 10 feet. Defendant Amfels, had a duty to exercise reasonable care while digging the excavation. Such care include reducing, eliminating and warning against the condition it created while digging the excavation, that it was aware of or that it reasonably should have been aware of, which posed an unreasonable risk of harm. Defendant also had a duty to exercise reasonable care to inspect the excavation in order to discover any conditions that posed an unreasonable risk of harm.

Plaintiffs allege that Defendant, Amfels, and by and through it's officers, agents,

servants, employees, and borrowed employees, breached it's duty of care in the following respects:

1. By failing to hire a person who was competent and fit backhoe digger;

2. By failing to require David Hedges to submit a list of excavation projects that he had previously performed;

3. By failing to require David Hedges to submit a list of references who might have been contacted to verify his qualifications;

4. By failing to require David Hedges to submit a summary of his experience in the commercial construction business;

5. By creating a 20 foot long by 20 foot wide by 10 foot deep excavation on its premises, and not providing adequate cave-in protection;

6. By permitting  Delfino Eduardo Gonzalez to begin working inside an excavation that Defendant Amfels, knew or reasonably should have known was unsafe;

7. By failing to warn Delfino Eduardo Gonzalez, of the unreasonable risk of harm that the 10 foot high vertical walls of the excavation posed;

8. By failing to use reasonable care to eliminate the unreasonable risk of harm that the 10 foot high vertical walls of the excavation posed;

9. By failing to use reasonable care to reduce the unreasonable risk of harm that the 10 foot high vertical walls of the excavation posed;

10. By failing to shore up the 10 feet high vertical walls of the excavation in accordance with  29 C. F. R. 1926.652, prior to permitting Delfino Eduardo Gonzalez to begin working inside said excavation;

11. By failing to slope the 10 foot high vertical walls of the excavation in accordance with 29 C. F. R.  1926.652, prior to permitting Delfino Eduardo Gonzalez to begin working inside said excavation;

12. By failing to step the 10 foot high vertical walls of the excavation, prior to permitting Delfino Eduardo Gonzalez to begin working inside said excavation;

13. By failing to have a competent person conduct a reasonable and careful inspection excavation, prior to permitting Delfino Eduardo Gonzalez to begin working inside said excavation;

14. By failing to have a competent person conduct a reasonable and careful inspection of the excavation work that Defendant Hedges had performed, prior to permitting Delfino Eduardo Gonzalez to begin working inside said excavation;

15. By failing to comply with the regulations and standards set forth by the Occupational Safety and Health Administration (OSHA), particularly, sections 1926.16, 20, .32, .650, .651 and .652, the American National Safety Institute (ANSI), the State of Texas, Cameron County, the City of Brownsville, and the Port of Brownsville District violations of which constitute negligence per se;

16. By failing to obtain the involvement and participation of a competent Civil Engineer to insure that the proper safety precautions for excavation work of this nature were being followed;

17. By failing to provide a safe work place for Delfino Eduardo Gonzalez, as required by Texas Law;

18. By failing to furnish Delfino Eduardo Gonzalez with a place of employment and/or work that is free from recognized hazards that cause or where likely to cause death or serious physical harm pursuant to 29 U. S. C. A. § 654 (1985);

19. In requiring Delfino Eduardo Gonzalez to work in surroundings or working conditions which were hazardous or dangerous to his health and/or safety, pursuant to 29 U. S. C. A. § 654 (1985) and 29 C. F. R. § 1926.20;

20. By failing to properly supervise the construction operations on it's premises to make sure they were safe;

21. By failing to establish a safety plan for the excavation site, prior to permitting Delfino Eduardo Gonzalez to commence work in side the excavation pit;

22. By failing to use or have available the proper life saving equipment and personnel to extract Delfino Eduardo Gonzalez from beneath the dirt in an expeditious manner;

23. By failing to provide Defendant F. A. Construction with copies of the sub-surface soil reports which revealed the non cohesiveness of the soil at the excavation site, which made it more prone to caving in;

CVisPDF - www.fastio.com

24. By permitting a rig or vessel to dock in such close proximity to the excavation site so as to cause the soil surrounding the excavation site to be subjected to repetitive pounding, thus loosening the soil which comprised the vertical walls of the excavation site;

25. By providing Defendant David Hedges, with a mechanically defective backhoe digger which hindered him from properly slopping or stepping the vertical walls of the excavation site;

26. By ignoring the concerns that Defendant Hedges expressed, regarding the inadequate safety measures that existed at the excavation site;

27. By failing to hire a competent and fit contractor to continue the excavation work after Defendant Amfels discontinued it's excavation efforts;

28. By failing to require Defendant F. A. Construction to submit AIA Form A305, 1986 or 1987 Edition, Contractor's Qualifications Statement;

29. By failing to require Defendant F. A. Construction to submit illustrations of the quality and range of excavation work that Defendant F. A. Construction has performed;

30. By failing to require Defendant F. A. Construction to submit a list of construction projects it had worked on, as well as a list of projects completed;

31. By failing to require Defendant F. A. Construction to submit a list of references who may be contacted to verify its qualifications and training;

32. By failing to require Defendant F. A. Construction to submit a summary of experience in the commercial construction business to verify its qualifications and training;

33. As well as other negligent acts and omissions;

Each and every one of the aforementioned acts and omissions, taken separately and collectively, constitute negligence, gross negligence and / or negligence per se and were the proximate and producing cause of the injuries and damages that Delfino Eduardo Gonzalez and the Plaintiffs sustained.

8.

**Negligence of Defendant Port Fabricators, Inc. and David Hedges**

Pleading in the alternative, Plaintiffs states that Defendant, Port Fabricators, Inc. and David Hedges had a duty to use reasonable care in the performance of their work. Such duties included using reasonable care to reduce, eliminate, and/or warn against any unreasonable risk of harm that was created while he was performing said work.

Plaintiffs allege that Defendant, Hedges as agent of Port Fabricators, Inc. breached it's duty of care and was therefore negligent in the following respects:

1. By failing to provide a competent and fit backhoe operator to operate Defendant Amfels, backhoe digger;

2. By digging out a 20 foot long by 20 foot wide by 10 foot deep excavation on Amfels', premises, and not providing adequate cave-in protection;

3. By using a backhoe digger that was mechanically defective which hindered David Hedges' ability to properly slope or step the vertical walls of the excavation;

4. By failing to shore up the 10 feet high vertical walls of the excavation in accordance with 29 C. F. R. 1926.652;

5. By failing to slope the 10 foot high vertical walls of the excavation in accordance with 29 C. F. R. 1926.652;

6. By failing to step the 10 foot high vertical walls of the excavation;

7. By failing to have a competent person conduct a reasonable and careful inspection excavation work he performed;

8. By failing to comply with the regulations and standards set forth by the Occupational Safety and Health Administration (OSHA), particularly, sections 1926.16, 20, .32, .650, .651 and .652, the American National Safety Institute (ANSI), the State of Texas, Cameron County, and the City of Brownsville, violations of which constitute negligence per se;

9. By failing to obtain the involvement and participation of a competent Civil Engineer to insure that the proper safety precautions for excavation work of this nature were being followed;

Each and every one of the aforementioned acts and omissions, taken separately and collectively, constitute negligence, gross negligence and / or negligence per se which were and are the proximate and producing cause of the injuries and damages that Delfino

Eduardo Gonzalez and plaintiffs sustained.

**9.**

### Negligence of Defendant Austin Temporary Service, Inc.

Pleading in the alternative, Plaintiffs states that if Defendant Austin Temporary Services, Inc., was Delfino Eduardo Gonzalez employer, while he was working at Defendant Amfels, Inc., premises, that the had a duty to use reasonable care to reduce, eliminate, and/or warn against any unreasonable risk of harm that existed at the work site where Delfino Eduardo Gonzalez was sent to work.

Plaintiffs allege that Defendant, Austin Temporary Service, Inc., breached it's duty of care and was therefore negligent in the following respects:

1.   By permitting Delfino Eduardo Gonzalez to work inside a 20 foot long by 20 foot wide by 10 foot deep excavation that lacked adequate cave-in protection;

2.   By permitting Delfino Eduardo Gonzalez to work inside a 10 foot deep excavation which was not properly sloped or stepped in accordance with 29 C. F. R. 1926.652; and 29 C. F. R. 1926.652;

3.   By failing to have a competent person conduct a reasonable and careful inspection excavation before permitting Delfino Eduardo Gonzalez to begin working inside the excavation;

4.   By failing to make sure that the excavation complied with the regulations and standards set forth by the Occupational Safety and Health Administration (OSHA), particularly, sections 1926.16, 20, .32, .650, .651 and .652, the American National Safety Institute (ANSI), the State of Texas, Cameron County, and the City of Brownsville, before permitting Delfino Eduardo Gonzales to begin working at said site;

Each and every one of the aforementioned acts and omissions, taken separately and collectively, constitute negligence, gross negligence and / or negligence per se which were and are the proximate and producing cause of the injuries and damages that Delfino Eduardo Gonzalez and plaintiffs sustained.

**10.**

### Negligent Acts and Omissions of Defendant
### Felix De La Fuente d/b/a F. A. Construction

CutePDF - www.tetra.com

Plaintiffs allege that Defendant by and through his agents, servants and employees, had a duty to exercise reasonable care while proceeding forth with the excavation being performing. That care included reducing, eliminating and warning against any unreasonable risk of harm that they created while working at the excavation site, which they were aware of or reasonably should have been aware of. Plaintiffs allege that Defendant, F. A. Construction, through it's agents, servants and employees, was guilty of negligence, and gross negligence and negligence per se in the following respects:

1. By failing to have the competency necessary to undertake an excavation project of this nature and representing otherwise.

2. By failing to have a competent person conduct a reasonable inspection of the excavation site, before permitting Delfino Eduardo Gonzalez to begin working inside said excavation;

3. By failing to warn Delfino Eduardo Gonzalez of the unreasonable risk of harm posed by the 10 foot high vertical walls of the excavation;

4. By failing to reduce the unreasonable risk of harm posed by the 10 foot high vertical walls of the excavation;

5. By failing to eliminate the unreasonable risk of harm posed by the 10 foot high vertical walls of the excavation;

6. By failing to establish a safety plan for the excavation site, prior to permitting Delfino Eduardo Gonzalez to commence work in side the excavation pit;

7. By failing to shore the vertical walls of the excavation, in accordance with 29 C. F. R. 1926.652;, so as to prevent them from caving in on Delfino Eduardo Gonzalez;

8. By failing to slope the vertical walls of the excavation, in accordance with 29 C. F. R. 1926.652;, so as to prevent them from caving in on Delfino Eduardo Gonzalez;

9. By failing to step the vertical walls of the excavation;

10. By failing to comply with the regulations and standards set forth by the Occupational Safety and Health Administration (OSHA), particularly, sections 1926.16, 20, .32, .650, .651 and .652, the American National Safety Institute (ANSI), the State of Texas, Cameron County, and the City of Brownsville

violations of which constitute negligence per se;

11.  By failing to obtain the involvement and participation of a competent Civil Engineer to insure that the proper safety precautions at the excavation were being followed;

12.  By failing to provide a safe work place for Delfino Eduardo Gonzalez, as required by Texas Law;

13.  By failing to furnish Delfino Eduardo Gonzalez with a place of employment and/or work that is free from recognized hazards that cause or where likely to cause death or serious physical harm pursuant to 29 U. S. C. A. § 654 (1985);

14.  In requiring Delfino Eduardo Gonzalez to work in surroundings or working conditions which were hazardous or dangerous to his health and/or safety, pursuant to 29 U. S. C. A. § 654 (1985) and 29 C. F. R. § 1926.20;

15.  By failing to establish and supervise programs for the education and training of employees in the recognition, avoidance, and prevention of unsafe conditions in the employment place;

16.  By failing to properly maintain the excavation site in a safe manner;

17.  By failing to properly supervise the work being performed at the excavation site to make sure the site was safe;

18.  By failing to comply with the regulations and standards set forth by the State of Texas, County of Cameron, and the City of Brownsville and the port of Brownsville District;

19.  By failing to use or have on hand the proper equipment and personnel to extract Delfino Eduardo Gonzalez from beneath the dirt in an expeditious manner;

20.  By failing to establish and supervise programs for the education and training of employees in the recognition, avoidance, and prevention of unsafe conditions at the work site;

21.  By failing to properly train Delfino Eduardo Gonzalez in the safe conduct of the work he was undertaking;

22.  By failing to warn Delfino Eduardo Gonzalez, of the unreasonable risk of

harm posed by the vessel that was pounding against the dock located next
to the excavation site, which loosened the soil surrounding said excavation;

23.     By failing to request sub soil reports  pertaining to the excavation site, prior
to commencing excavation work at the site;

24.     As well as other negligent acts and omissions.

Each and every one of the aforementioned acts and omissions, taken separately and
collectively, constitute negligence, gross negligence and / or negligence per se which were
and are the proximate and producing cause of the injuries and damages that Delfino
Eduardo Gonzalez and plaintiffs sustained.

## 11.

## Course & Scope of Employment

When the incident made the basis of this lawsuit occurred, Delfino Eduardo
Gonzalez was acting in the course and scope of his employment for Defendant F.  A.
Construction.  Pleading in the alternative, Plaintiffs state that if Delfino Eduardo Gonzalez
was not acting in the course and scope of his employment for Defendant F. A.
Construction, when the incident made the basis of this lawsuit occurred, he was then acting
in the course and scope of his employment for Austin Temporary Services, Inc.

## 12.

## Texas Wrongful Death Act

Plaintiffs are the statutory beneficiaries of the decedent and are therefore entitled
bring this cause of action pursuant to the Texas Wrongful Death Act as codified in Chapter
71 of the Texas Civil Practice and Remedies Code.  Plaintiffs claims under the Wrongful
Death act are brought to provide them compensation for losses they have sustained as a
result of the decedent's death.

Plaintiffs would show that the Court, by reason of each and all the foregoing acts and
omissions of the Defendants, have sustained injuries and damages for which they seek
recovery from Defendants, in an amount in excess of the minimum jurisdictional limits of the
Court for the following damages:

### (A.) Plaintiff Claudia Elia Lopez Gonzalez

Loss of care, maintenance, support, services, advice, counsel, and contributions of

a pecuniary value that she would, in reasonable probability, have received from her husband during his lifetime had he lived. In addition, for loss of consortium and damage to the husband-wife relationship, including loss of affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage. For mental anguish, grief, and sorrow as a result of the death of her husband, Delfino Eduardo Gonzalez and is likely to continue to suffer for a long time in the future. For these losses, Plaintiff Claudia Elia Lopez Gonzalez, seeks damages in a sum in excess of the minimum jurisdictional limits of the court;

### (B.) Plaintiffs Claudia Alejandra Gonzalez and Sergio Eduardo Gonzalez through their next friend Claudia Elia Lopez Gonzalez

Pecuniary loss from the death of their father, Delfino Eduardo Gonzalez, including losses of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from their father during his lifetime had he lived.  They have suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. They have suffered severe mental depression and anguish, grief, and sorrow as a result of the death of their father, Delfino Eduardo Gonzalez, and are likely to continue to suffer for a long time in the future. For these losses,  seek damages in a sum in excess of the minimum jurisdictional limits of the court;

### (C.) Plaintiff Gloria Gonzalez

The severe mental anguish, grief and depression, loss of care, loss of support, loss of services, advice, counsel and loss of pecuniary contribution,  loss of consortium, companionship, society, affection, love, assistance and comfort, both in the past and  in the future, as a result of the death of her son, Delfino Eduardo Gonzalez, and is likely to continue to suffer for a long time in the future. For these losses, Plaintiff Gloria Gonzalez  seek  damages in a sum in excess of the minimum jurisdictional limits of the court.

**13.**

## Survival Cause of Action

Plaintiffs, as heirs and as Administrator of the Estate of Delfino Eduardo Gonzalez, bring a survival cause of action against Defendants to recover damages for the benefit of decedent's estate. pursuant to . Plaintiffs bring this cause of the action pursuant to the Texas Survival Statute which is codified in Chapter 71 of the Texas Civil Practice and Remedies Code.

Plaintiffs would show the Court that by reason of each and all the foregoing acts and omissions of Defendants, the plaintiffs and the decedent have sustained the following injuries and damages for which Plaintiffs seek recovery from Defendants, in an amount in excess of the minimum jurisdictional limits of the Court.

Plaintiffs seek the recovery of the following:

(1.)    Funeral and burial expenses;

(2.)    Medical expenses;

(3.)    Conscious physical pain and mental anguish;

(4.)    Economic damages; and

(5.)    Exemplary damages.

**14.**

## Joint & Several Liability

Plaintiffs allege that the Defendants each had an independent and affirmative duty to exercise sufficient and actual control and direction of their employees, agents, servants and borrowed servants with respect to all acts and/or omissions pertinent and relevant to the occurrence which is the basis of this suit. As a result, Defendants are jointly and severally liable to the Plaintiffs for the damages specified hereafter. Accordingly, Plaintiffs sue for monetary damages in excess of this Court's minimum jurisdictional limits.

**15.**

## Negligence Per Se'

The plaintiffs further allege that the failure of the Defendants, both singularly and collectively, failed to adhere to the numerous standards of the Occupational Safety and Health Act of 1970, 29 U.S.C.§ 651-654, relating to the excavation, shoring, and trenching requirements as set out in 29 C.F.R. § 1929.650, 1926.651 and 1926.652, as enumerated

in paragraphs 5 and 6 rises to the level of gross negligence. Therefore, Plaintiffs sue for Defendant for such conduct.

Plaintiffs request that the Court take Judicial Notice of the complete OSHA file and report, including citations issued to Defendant Amfels, Inc., and Defendant Felix Acosta De La Fuente and the accident herein and notify Defendants that the same will be offered as evidence at the trial.

## 16.

### Gross Negligence of Defendants

### Amfels, Port Fabricators, David Hedges, and F. A. Construction

The negligence of the Defendants described above was of such a character as to make Defendants guilty of gross negligence. The conduct of Defendants, viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others.

Moreover, the Defendants engaged in the conduct with conscious indifference to the rights, safety, or welfare of others, despite the defendants' actual, subjective awareness of the risk involved. Plaintiffs are entitled to recover exemplary damages, in such an amount as may be found to be proper under the facts and circumstances.

## 17.

### Life Expectancy of Delfino Eduardo Gonzalez

Plaintiffs would also show that, on the day of this occurrence, Delfino Eduardo Gonzalez was approximately 27 years of age and, accordingly, had a remaining life expectancy of 47.2 years and work expectancy of 28 years, according to the Life/Work Expectancy Tables, Vital Statistics of the United States, 1986.

Plaintiffs herein request that this Court take Judicial Notice of these Life Tables and notify Defendants that the same will be offered as evidence at the trial of this cause.

## 18.

### JURY TRIAL

Plaintiffs hereby respectfully request a trial by jury.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer herein, and upon final trial of this cause, Plaintiffs recover:

1. Judgment against Defendants jointly and severally, in a sum within the jurisdictional limits of this Court for conscious physical pain and suffering, mental anguish;

2. Judgment against Defendants jointly and severally in a sum within the jurisdictional limits of this Court for funeral expenses incurred by the estate of Delfino Eduardo Gonzalez;

3. Judgment against Defendants and severally, in a sum within the jurisdictional limits of this Court for pain and suffering and mental anguish both in the past and the future;

4. Judgment against Defendants jointly and severally, in a sum within the jurisdictional requirements of this Court for medical care and treatment incurred by the plaintiffs both in the past and the future;

5. Judgment against Defendants in a sum within the jurisdictional limits of this Court for loss of pecuniary loss, loss of services, loss of companionship and society, sustained by the plaintiffs in the past and the future;

6. Judgment against Defendants Amfels, Inc., Felix Acosta De La Fuente , Port Fabricators, Inc., David Hedges, and Austin Temporary Services, Inc., for a sum within the jurisdictional requirements of this Court for Exemplary damages to be determined by the trier of fact;

7. Prejudgment and post judgment interest at the prevailing legal rate until paid as provided by law;

8. Cost of suit;

9. And such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

LAW OFFICES OF RONALD A. RAMOS
One Castle Hills Building
1100 N.W. Loop 410, suite 800
San Antonio, Texas 78213
(210)308-8811

BY:    RONALD A. RAMOS
State Bar No. 16508600

And

LAW OFFICES OF JOE VALLE
1120 East 10ᵗʰ Street
Brownsville, Texas 78520
(956)546-2829

BY:    JOE VALLE
State Bar No. 20435450
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that the attached document has been served on the attorney of record for Defendants, in accordance with Rule 2la, T.R.C.P., on this _____ day of December 1998.


RONALD A. RAMOS

Citation for Personal Service - NON-RESIDENT NOTICE  Lit. Seq. # 5.007.01

No. 97-02-00509-E

COPY

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: AUSTIN TEMPORARY SERVICES
    SERVING ITS REGISTERED AGENT
    IRENE ALLEN
    18100 EASY STREET
    JONESTOWN, TEXAS 78645

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLANTIFFS THIRD AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on DECEMBER 04, 1998 . A copy of same accompanies this citation.

The file number of said suit being No. 97-02-00509-E.

The style of the case is:

CLAUDIA ELIA LOPEZ GONZALEZ, ET AL
VS.
AMFELS INC., F.A. CONSTRUCT. & FELIX DE LA FUENTE

HON. RONALD A RAMOS

R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____ 19____ at _____ o'clock ___.M., and executed (not executed) on the _____ 19____, by delivering t

Delivered this 21 day of Dec
LUKE W. MERCER
CONSTABLE PRECINCT ____ ____ ____, TEXAS
BY _____
Deputy

upon which I endorsed the date of delivery, together with the accompanying cop of the _____

in person a true copy of this Citatio

CutePDF - www.fenrir.com